IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YAMAN TAYLOR, | : | |
| Plaintiff, | : : | |
| | : | CIVIL ACTION NO. |
| v. | : : | 1:17-CV-5184-AT |
| STERLING, INC. and WORLD FINANCE CORPORATION OF GEORGIA, | : : : : | |
| Defendants. | | |

## **ORDER**

This matter is before the Court on Defendant World Finance Corporation of Georgia's ("World Finance") Motion to File Under Seal [Doc. 13]. World Finance asks this Court to seal its brief and accompanying exhibits to its Motion to Dismiss or Alternatively, to Stay this Action and Compel Arbitration. (Motion to Seal, Doc. 13 at 1.) This is because, according to World Finance, its brief and exhibits "contain both highly sensitive and confidential business and personal information." (*Id.*) For the reasons that follow, the Motion to Seal [Doc. 13] is **DENIED WITHOUT PREJUDICE**.

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking protection must make a prerequisite showing of "good cause"

before obtaining such protection. *Id.* "Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement. . . . This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

The Court has carefully reviewed the documents at issue in Defendant World Finance's motion to seal as well as World Finance's argument in support of sealing.[1]  The Court finds that Defendant has not sufficiently demonstrated good cause for sealing the documents at issue.  Defendant's general reason for sealing its brief and the attached exhibits – a total of 113 pages – is that they contain sensitive, confidential, or proprietary business information.  World Finance does provide a modicum of specificity by arguing, for example, that its provided loan documentation "includes . . . sensitive borrower and loan information specific to Plaintiff and Plaintiff's co-borrower."  (Motion to Seal, Doc. 13 at 2.)  In addition, World Finance argues that the "Asset Purchase Agreement and Bill of Sale by and between the Defendants" includes "sensitive business information that is confidential . . . ."  (*Id.*)

---

[1] Plaintiff filed no opposition to this motion and the Court therefore deems it unopposed.  *See* LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.")  However, the Court has an obligation to review a motion to seal on behalf of the public independent of the Parties.  *See, e.g., In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002) (quotation and citation omitted) (stating that "even where no third party challenges a protective order, the judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)").

This explanation is uninformative and unconvincing.  First, World Finance has not shown that this information is of such a sensitive nature that all of the contemplated documents should be shielded from public view rather than merely redacted.  Indeed, World Finance actually filed redacted copies of the exhibits to its Motion to Dismiss or Alternatively, to Stay this Action and Compel Arbitration (Doc. 12.)[2]  In light of this, World Finance has failed to demonstrate why the sealing of these documents is necessary.  Therefore, World Finance's Motion to Seal [Doc. 13] is **DENIED WITHOUT PREJUDICE**.

However, the loan at issue concerns Plaintiff.  Therefore, if there is information that Plaintiff believes is confidential and ought to be redacted from the documents at issue, Plaintiff is **DIRECTED** to alert the Court by way of a filing on the docket including (1) the information objected to; and (2) the reason Plaintiff believes it is confidential.  This filing should be made within ten (10) days from the date of this Order.

**IT IS SO ORDERED** this 29th day of May, 2018.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[2] It should be noted, however, that the redaction is incomplete.  (*Compare, e.g.*, Lending Disclosure Statement, Doc. 12-3 at 40 (Plaintiff's Vehicle Identification Number ("VIN") redacted) *with Id.* at 41 (VIN unredacted.)  Defendant World Finance should correct this oversight.